

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

JMS/SD

July 23, 2018

By ECF

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      Re:    United States v. Raul Granados-Rendon
             Criminal Docket No. 11-557 (KAM)

Dear Judge Matsumoto:

      On December 8, 2017, the defendant Raul Granados-Rendon pleaded guilty pursuant to a plea agreement to counts one and two of a twenty-one count indictment, charging him with sex trafficking, in violation of 18 U.S.C. § 1591(a)(1), (a)(2) and (c)(2).  The defendant is scheduled to be sentenced by Your Honor on August 6, 2018.

    I.    Factual Background

      As the Pre-Sentencing Report ("PSR") describes in great detail, the defendant, along with his co-conspirators, participated in a sex trafficking conspiracy from October 1998 to December 2011.  (PSR ¶¶ 6-91).  For over a decade, the defendant was involved in the family business, which involved the defendant and his co-conspirators starting romantic relationships with females in Mexico and then luring them to the United States with the false promise of a better life.  Each of these victims was transported by the defendant and his co-conspirators, with the intent that they would engage in prostitution.  (PSR ¶¶ 6-7).  Once in the United States, the defendants forced victims into prostitution by threats, coercion and violence.  For each of the victims, the defendant and his co-conspirators kept all of the proceeds from the prostitution.

      The defendant was responsible for the recruitment and trafficking of Jane Doe #3, 12 (in part), and 14 (referred to as "Jane Doe 2" in the plea agreement, but "Jane Doe 14" in the PSR and hereinafter).  (PSR ¶¶ 20, 78, 87-91, 93).  The defendant's conduct towards each of these victims shows the same pattern of criminal conduct and abuse.  For example, between 2002

and 2008, the defendant assisted in harboring and recruiting Jane Doe #3 in Tenancingo, Mexico, threatening her that if she left the Granados family home, the Granados family would harm her relatives. (PSR ¶ 20). Around 2005, when the defendant's brother Jaime Granados-Rendon impregnated Jane Doe #12 and his attempt to induce her abortion failed, the defendant Raul Granados-Rendon was responsible for returning Jane Doe #12 to Mexico since she could purportedly no longer produce income for the family. (PSR ¶ 78).

In 2008, after Jane Doe #14 was smuggled from Mexico into the United States by the defendant's family, the defendant convinced her that she must now work as a prostitute. (PSR ¶¶ 87-79). The defendant solicited the assistance of another Jane Doe to show Jane Doe #14 how to dress and perform sexual acts, as well as to accompany Jane Doe #14 on her first few shifts of prostituting. (PSR ¶ 89). While Jane Doe #14 was working, the defendant consumed alcohol heavily with his co-defendants. (PSR ¶ 91). He often taunted Jane Doe #14 for failing to make as much money prostituting as the other Jane Does made. (Id.) In addition to being verbally abusive, the defendant was also often physically abusive towards Jane Doe #14, including by pulling her by her hair into a bathroom and forcing her head into the sink. (Id.) The defendant disputes these facts based purely on the premise that Jane Doe #14 was purportedly older than the defendant and that there was no sworn affidavit to the effect. These arguments should be disregarded, in light of the entire set of circumstances faced by the defendant's victims – including the constant victimization in a physically and verbally threatening environment created by the defendant and his family members. Whether Jane Doe #14 was younger or older is of no consequence in such an environment and to suggest otherwise is simply not credible.

On January 27, 2017, as part of an ongoing investigation into the Granados Sex Trafficking organization, the defendant was extradited to the United States from Mexico following his arrest. (PSR ¶ 93).

II.     Guidelines Calculation

In the plea agreement, the defendant's United States Sentencing Guidelines ("Guidelines") range was estimated to be 135-168 months' imprisonment. See Plea agreement ¶ 2. The United States Probation Department, however, calculated that the applicable guidelines range is 188 to 235 months' imprisonment. (PSR ¶ 165). The disparity between the estimated Guidelines range in the plea agreement and the Guidelines calculation in the PSR is based, in part, on the fact that the PSR adds a three-level multiple victim enhancement for the defendant's role in trafficking three total victims. While the government does not dispute, as a factual matter, the summary of the defendant's role with regard to each of Jane Does #3, 12 and 14, the

government maintains that the applicable advisory Guidelines range is 135-168 month, based on a base offense level of 33. As the Court is aware, pursuant to the parties' plea agreement, the government has agreed not to take a position as to where within the Guidelines range the sentence should fall or advocate for a sentence above the applicable Guidelines range. See Plea agreement ¶ 5(b) and (c).

    III.    Conclusion

In sum, the defendant's role in a cruel family business of recruiting young women to force them into prostitution is significant. The government respectfully requests that the Court consider the defendant's criminal conduct involving his victims in fashioning an appropriate sentence that will reflect the seriousness of the offense and deter criminal conduct. See 18 U.S.C. § 3553(a).

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:    /s/ Jennifer M. Sasso
Jennifer M. Sasso
Assistant U.S. Attorney
(718) 254-6402

CC: Clerk of the Court (KAM) (By ECF)
    Joseph Gentile, Esq. (By ECF)